## UNITED STATES DISTRICT COURT      EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| SAMUEL LOZANO, #59357-379 | § |
| | § |
| *versus* | §    CIVIL ACTION NO. 4:17-CV-135 |
| | §    CRIMINAL ACTION NO. 4:13-CR-241(2) |
| UNITED STATES OF AMERICA | § |

### ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation (#23) concluding that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed pursuant to 28 U.S.C. § 2255 should be denied and dismissed with prejudice. Movant timely filed objections (#28).

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, and Movant's objections are without merit. The objections constitute primarily only a disagreement with the findings and conclusions of the Magistrate Judge and do not show entitlement to relief.

In particular, Movant fails to show that his counsel had a conflict of interest when he communicated with the Assistant United States Attorney in an effort to have Movant transferred to a different facility prior to trial. An "actual conflict" exists when defense counsel is compelled to compromise his duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a present or former client. *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). A conflict of interest must be actual, rather than potential or speculative, for it to violate Sixth Amendment standards. *See Barrientos v. United States*, 668

F.2d 838, 841 (5th Cir. 1982). The Report appropriately concludes that Movant failed to show an actual conflict of interest. It notes:

> The record is devoid of any evidence showing that Movant voiced his objection concerning his transfer to his counsel, the Government, or the Court – either at trial, at sentencing, or on direct appeal.
>
> The Court also notes that Movant arguably received the exact defense objective he was seeking – a trial in the absence of a plea offer of thirteen years or less. Whether Movant's counsel participated in trying to have him transferred does not constitute the denial of assistance of counsel. The fact that Movant was transferred does not amount to a constitutional violation. Movant fails to show prosecutorial vindictiveness or misconduct, a conflict of interest, or that he suffered as a result of the transfer.

(#23, p. 8). Likewise, Movant failed to show prosecutorial misconduct. He failed to show the prosecutor's comments or actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). To constitute a denial of due process, the acts complained of must be of such character as to necessarily prevent a fair trial. *Jones v. Scott*, 69 F.3d 1255, 1278 (5th Cir. 1995). Movant wholly fails in this regard.

Furthermore, in his objections, Movant erroneously attempts to apply pleading standards from *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to the instant case. *Twombly*, however, is applicable in civil rights lawsuits, not in motions to vacate, set aside, or correct the sentence.

The critical point in this case is that Movant refused the various plea offers from the Government and fails to show that, but for counsel's alleged deficient performance, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant

must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye,* 566 U.S. 134 , 147 (2012). Movant fails to show how his counsel's attempts to have him transferred to another facility prior to trial constitute ineffective assistance of counsel or how such alleged ineffectiveness caused him prejudice. He fails to meet the required *Strickland* standard. *Strickland,* 466 U.S. at 700. He also fails to show he would have accepted one of the plea offers but for counsel's alleged ineffectiveness. *Frye*, 566 U.S. at 147.

Finally, also without merit is Movant's objection to the finding that he has not shown he is entitled to an evidentiary hearing. *See* Rule 8*, Rules Governing § 2255 Cases in the United States District Courts; United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

In conclusion, Movant fails to show errors of "constitutional or jurisdictional magnitude," *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991), and he is not entitled to relief. After conducting a *de novo* review of Movant's objections, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is accordingly **ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 31st day of March, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE